IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBORAH STEPHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br> NO: 1:09-CV-2773-RWS |

## DEFENDANT'S PORTION OF THE JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Prior to filing Defendant's Portion of the Joint Report and Discovery Plan, counsel for Defendant tried to meet in person with opposing counsel for the Rule 26(f) conference and to exchange portions of the reports, but never heard back from opposing counsel concerning the conference or Plaintiff's portion of the reports. Defendant is filing its portion in an abundance of caution. Defense counsel understands that Plaintiff's counsel has not yet been admitted to practice in this Court.

1.  Description of Case:

    (a) Describe briefly the nature of this action.

    By Defendant Wal-Mart Stores, Inc.:

Defendant states that based upon Plaintiff's allegations, this appears to be a garden variety slip-and-fall premises liability case.

    (b) Summarize in the space provided below, the facts of this case. The summary

should not be argumentative nor recite evidence.

<u>Defendant Wal-Mart Stores, Inc. contends:</u>

Defendant denies it is liable to Plaintiff for any sum whatsoever.  Defendant denies it was negligent in any manner whatsoever.

Defendant incorporates, by reference, its affirmative defenses as set forth in its Answer.

(c) The legal issues to be tried are as follows:

O.C.G.A. § 51-3-1.  Negligence, causation, damages.  Those issues as set forth in Defendant's affirmative defenses.

(d)  The cases listed below (include both style and action number) are:

(1) Pending related cases:  NONE.

(2) Previously adjudicated related cases:  NONE.

2.   This case is complex because it possesses one (1) or more of the features listed below (please check):

_____(1)  Unusually large number of parties
_____(2)  Unusually large number of claims or defenses
_____(3)  Factual issues are exceptionally complex
_____(4)  Greater than normal volume of evidence
_____(5)  Extended discovery period is needed
_____(6)  Problems locating or preserving evidence
_____(7)  Pending parallel investigations or action by government
_____(8)  Multiple use of experts
_____(9)  Need for discovery outside United States boundaries

    _____(10)  Existence of highly technical issues and proof

    <u>By Defendant</u>:  This case is not complex.

3.     Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:     Benjamin S. Eichholz, Esq.
                   David S. Eichholz, Esq.
                   The Eichholz Law Firm, P.C.
                   530 Stephenson Avenue
                   Suite 200
                   Savannah, Georgia 31405
                   (912) 232-2791
                   (912) 629-2560 (facsimile)

    Defendant:     Albert J. DeCusati, Esq.
                   McLain & Merritt, P.C.
                   3445 Peachtree Road, N.E.
                   Suite 500
                   Atlanta, Georgia 30326
                   (404) 365-4512
                   (404) 364-3138 (facsimile)

4.     Jurisdiction:

Is there any question regarding this court's jurisdiction?

    _____ Yes                    _____No

<u>By Defendant</u>:  No.

5. Parties to This Action:

   (a) The following persons are necessary parties who have not been joined:

   <u>By Defendant</u>: None

   (b) The following persons are improperly joined as parties:

   Defendant contends that Wal-Mart Stores, Inc. is an improperly named party. The correct legal entity is Wal-Mart Stores East, L.P.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   Defendant contends that Wal-Mart Stores, Inc. is an improperly named party. The correct legal entity is Wal-Mart Stores East, L.P.

   (d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions.* Refer to Local Rules 7.2A; 7.2B; and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection(s).

9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

At this time, Defendant does not need a scheduling conference.

10.  Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)- months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

By Defendant:

(a) The deposition of Plaintiff Deborah Stephens;

(b) The deposition of Plaintiff's spouse, if applicable;

(c) The depositions of Plaintiff's witnesses to the incident;

(d) The depositions of Plaintiff's medical providers;

(e) The depositions of the Plaintiff's treating physicians to determine the extent of medical treatment necessary and/or any possible permanent, partial disability or disfigurement;

(f) The deposition of any other witness identified by either party in this matter or any witness discovered who may have pertinent information to the facts of this case.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

By Defendant: At this point, the additional time is not necessary or anticipated.

11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

At this time, Defendant is not aware of any circumstances that would necessitate a change in the current discovery limitations.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

At this time, Defendant does not anticipate any need for any further orders.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on _____, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:

Other participants:

For Defendant:

Other participants:

*As previously indicated, Defense counsel could not gain the cooperation of Plaintiff's counsel in coordinating an in-person 26(f) conference as required by local rules.*

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (   ) A possibility of settlement before discovery.

    (   ) A possibility of settlement after discovery.

    (   ) A possibility of settlement, but a conference with the judge is needed.

    (   ) No possibility of settlement.

    (c)    Counsel (  ) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20\_\_\_\_.

    (d)    The following specific problems have created a hindrance to settlement of this case.

Defendant has been unable to gain the cooperation of Plaintiff's counsel in coordinating an in-person 26(f) conference. Defendant's investigation of Plaintiff's claims is continuing.

14.    Trial by Magistrate Judge:

Case 1:09-cv-02773-RWS   Document 10   Filed 11/05/2009   Page 10 of 12

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial**.**

(a) The parties (     ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____ _____, 20__.

(b) <u>By Defendant</u>:  The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

| The Eichholz Law Firm, P.C. | McLain & Merritt, P.C. |
|---|---|
| /s/ | /s/ Albert J. DeCusati |
| (w/express permission) | Georgia Bar No. 215610 |
| Benjamin S. Eichholz, Esq. | Attorney for Defendant |
| Georgia Bar No. 242350 | 3445 Peachtree Road, N.E. |
| David S. Eichholz, Esq. | Suite 500 |
| Georgia Bar No. 502134 | Atlanta, Georgia 30326 |
| Attorneys for Plaintiff | (404) 365-4512 |
| 530 Stephenson Avenue | (404) 364-3138  (facsimile) |
| Suite 200 | |
| Savannah, Georgia 31405 | |
| (912) 232-2791 | |
| (912) 629-2560 (facsimile) | |

Pursuant to Local Rule 5.1, counsel for the Defendant certifies that the document has been prepared in Times New Roman, 14 point font, and that the document does not contain more than 10 characters per inch of type.

-10-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **CERTIFICATE OF INTERESTED PERSONS** has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

        Benjamin S. Eichholz, Esq.
        David S. Eichholz, Esq.
        The Eichholz Law Firm, P.C.
        530 Stephenson Avenue
        Suite 200
        Savannah, Georgia 31405

This the 5th day of November, 2009.

        McLAIN & MERRITT, P.C.


        /s/ Albert J. DeCusati
        Albert J. DeCusati
        Georgia Bar Number 215610
        Attorneys for Defendant
        WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia  30326
(404) 266-9171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **DEFENDANT'S PORTION OF THE JOINT PRELIMINARY REPORT** has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

> Benjamin S. Eichholz, Esq.
> David S. Eichholz, Esq.
> The Eichholz Law Firm, P.C.
> 530 Stephenson Avenue
> Suite 200
> Savannah, GA 31405

This the  5th  day of November, 2009.

> McLAIN & MERRITT, P.C.
>
>  /s/ Albert J. DeCusati
> Albert J. DeCusati
> Georgia State Bar No. 215610
> Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171 (Receptionist)
(404) 365-4512 (Direct)
(404) 364-3138 (Facsimile)